UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DORSEY R. GARDNER, et al.

                           Plaintiffs,

             -against-

THE MAJOR AUTOMOTIVE COMPANIES
and BRUCE BENDELL,

                           Defendant.
-------------------------------------------------------------x

MEMORANDUM
AND ORDER

11-CV-1664 (FB)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Plaintiffs Dorsey R. Gardner and John Francis O'Brien, trustees of the Dorsey R. Gardner 2002 Trust (collectively, "plaintiffs"), move for an order compelling The Major Automotive Companies, Inc. ("Major") and a member of its Board of Directors, Bruce Bendell ("Bendell") (collectively, "defendants"), to produce documents and respond to interrogatories served by plaintiffs in their initial discovery requests. See Pl. Mot. to Compel Disc. (Nov. 1, 2011) ("11/1/11 Pl. Mot. to Compel"), Electronic Case Filing ("ECF") Docket Entry ("DE") #19. Defendants cross-move to stay discovery pending resolution of their motion, served by them on November 14, 2011, seeking judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure or dismissal of the complaint pursuant to Rule 12(b)(6) of the same. See Def. Mot. to Stay Disc. (Nov. 14, 2011), DE #27; Def. Mem. in Supp. of Mot. to Stay (Nov. 14, 2011), DE #27-1 ("11/14/11 Def. Mot. to Stay"); see also Def. Mem. in Supp. of Mot. for Judgment on the Pleadings (Nov. 14, 2011) ("11/14/11 Def. Mem."), DE #34-8.[1]  Because the

---

[1] The case was reassigned to this magistrate judge after the parties filed their discovery cross-motions.

discovery motions essentially represent two sides of the same argument, and require the same threshold analysis, the Court analyzes them together.

For the reasons to follow, the Court grants defendants' motion to stay discovery during the pendency of their dispositive motion, and denies plaintiffs' motion to compel defendants to respond to plaintiffs' initial discovery requests.

## BACKGROUND

The instant case arises out of an allegedly improper management buyout transaction of Major, a publicly traded company, effectuated by defendants. See Compl. (Apr. 5, 2011) ¶ 1, DE #1.  The Complaint charges Major and Bendell, who is described as Major's "principal officer and majority shareholder," with "violations of Section 14(a) of the Securities Exchange Act of 1934 (the 'Exchange Act') and Securities and Exchange Commission ('SEC') Rule 14a-9 promulgated thereunder and [with] breaches of fiduciary duty."  Id.  In brief, plaintiffs allege that defendants (1) offered a misleading justification for the buyout transaction, which was designed to benefit Bendell at the expense of its minority public shareholders; (2) failed to create a special committee of disinterested or independent members to evaluate the fairness of the transaction for the benefit of minority shareholders; (3) failed to consider alternatives to the transaction; (4) withheld and failed to consider financial information from the eighteen months preceding the transaction (resulting in an artificially depressed valuation of the company); and (5) omitted from their proxy material information regarding Major's performance and true value, so as to mislead minority shareholders.  See id. ¶¶ 5-6, 16-35.

According to plaintiffs, defendant Bendell (along with other, unnamed Board members) thereby breached his fiduciary duties of care, loyalty, and good faith and fair dealing, and

negligently misrepresented the fair price of Major's stock, all in violation of Nevada state law. See Compl. ¶¶ 36-42, 52-58. In addition, plaintiffs complain that the material omissions in defendants' proxy materials violated federal securities laws, specifically, Section 14(c) of the Exchange Act and Rule 14a-9 promulgated thereunder. See id. ¶¶ 43-51; 15 U.S.C. § 78n(a); 17 C.F.R. 240.14a-9(a). In their Answer, defendants deny the allegations and assert a number of affirmative defenses. See Answer (May 25, 2011), DE #5.

The parties have already taken a number of steps in the discovery process in this case. The parties exchanged initial disclosures on July 14, 2011. See Defendants' Rule 26(a) Initial Disclosure Statement (July 14, 2011), DE #8; Plaintiffs' Rule 26(a) Initial Disclosure Statement (July 14, 2011), DE #9. Plaintiffs then served defendants with their document requests on August 2, 2011 and first set of interrogatories on August 3, 2011. See Decl. of Robert F. Brodegaard (Nov. 14, 2011) ("Brodegaard Decl.") ¶ 3, Exh. A to 11/14/11 Def. Mem., DE #27-2. Over the next several days, plaintiffs issued subpoenas to a series of non-parties,[2] pursuant to Rule 45(c) of the Federal Rules of Civil Procedure. See Brodegaard Decl. ¶ 4-5. On August 30, 2011, the parties agreed that defendants would respond to plaintiffs' initial discovery requests by September 16th, see Email from L. Varn to R. Brodegaard (Aug. 30, 2012), Exh. C to Decl. of Mark B. Rosen in Supp. of Mot. to Compel (Nov. 1, 2011), DE #20-3, and they filed a stipulation as to electronic discovery on September 19, 2011. See Stipulation Regarding Electronically Stored Information (Sept. 19, 2011), DE #13. Defendants did not respond to

---

[2] Including Empire Valuation Consultants, LLC, the entity that drafted defendants' fairness report; Major's in-house counsel, Gordon Silver; HSBC Bank U.S.A., N.A.; and Wells Fargo Bank, N.A.

plaintiffs' discovery requests, but instead, in a letter docketed on September 21, 2011, requested a premotion conference regarding defendants' proposed motion for "judgment on the pleadings, dismissing the case in its entirety and, pending the Court's resolution of the motion, a stay of discovery."  Def. Mot. for Pre-Mot. Conference (Sept. 21, 2011), DE #14; see also 11/14/11 Def. Mot. to Stay at 2 (citing Brodegaard Decl. ¶¶ 9-10); 11/1/11 Pl. Mot. to Compel at 1.

On November 14, 2011, following a premotion conference held on October 25, 2011, defendants served their motion for judgment on the pleadings pursuant to Rule 12(c) or, in the alternative, for dismissal for failure to state a claim under Rule 12(b)(6).  See Notice of Def. Mot. for Judgment on the Pleadings or to Dismiss Compl. in its Entirety (Dec. 23, 2011) ("12/23/11 Notice"), DE #34; 11/14/11 Def. Mem., D.E. #34-8; Pl. Opp'n to Def. Mot. for Judgment on the Pleadings (Dec. 9, 2011), DE #34-9; Def. Reply Mem. in Supp. of Mot. for Judgment on the Pleadings or to Dismiss Compl. in its Entirety (Dec. 23, 2011), DE #34-10.  The parties' fully submitted papers were filed on December 23, 2011.  See 12/23/11 Notice.  Defendants' dispositive motion is currently pending before the Honorable Frederic Block, the District Judge assigned to this case.

## **DISCUSSION**

The parties' discovery-related cross-motions raise two distinct issues. First, the Court must determine whether the automatic stay provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), mandates a stay of discovery pending the resolution of defendants' dispositive motion.  Specifically, the parties dispute whether the PSLRA applies to post-answer motions for judgment on the pleadings and, if so, whether the stay should apply to any or all of plaintiffs' claims.  Second, if the Court concludes that the automatic

stay provisions of the PSLRA do not apply, then it must determine whether a stay is appropriate under Rule 26(c) of the Federal Rules of Civil Procedure.

Having concluded that the PSLRA automatic stay applies to each of plaintiffs' claims, the Court need not and does not reach the Rule 26(c) issue.

**I.     Application of Stay to Defendants' Motion for Judgment on the Pleadings**

Plaintiffs first argue that a stay is inappropriate because the automatic stay provision of the PSLRA applies only to pre-answer motions to dismiss and not to post-answer motions for judgment on the pleadings. See 11/1/11 Pl. Mot. to Compel at 1, 3. Defendants counter that the automatic stay provision is applicable here because a motion for judgment on the pleadings, "[i]n essence, . . . *is* a motion to dismiss." See Def. Opp'n to 11/1/11 Pl. Mot. to Compel (Dec. 9, 2011), at 4, DE #29. This Court agrees with defendants.

The PSLRA was designed to deter frivolous securities litigation through stringent pleading requirements and an automatic stay of discovery pending the resolution of "any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). The PSLRA provides, in pertinent part, that:

> In any private action arising under this chapter [the Exchange Act, 15 U.S.C. §§ 78a *et seq.*], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

Id.

Contary to the premise of plaintiffs' argument, the plain language of the PSLRA does not limit the scope of the automatic stay requirement to any particular species of motion to dismiss, and courts have broadly construed the scope of the stay provision. First, the automatic stay provision has been held to apply to both initial and successive motions to dismiss. See Sedona v.

Ladenburg Thalmann, No. 03 Civ. 3120 LTSTHK, 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005); In re Salmon Analyst Litig., 373 F.Supp.2d 252, 256 (S.D.N.Y. 2005). In fact, as noted by (now) Circuit Judge Gerard A. Lynch, "it is appropriate to extend the stay" "until a complaint has been authoritatively sustained by the court . . . ." Id.; see Podany v. Robertson Stephens, Inc., 350 F.Supp.2d 375, 378 (S.D.N.Y. 2004) (Lynch, J.) (noting that, in PSLRA cases, there is a "strong presumption that *no* discovery should take place until a court has affirmatively decided that a complaint *does* state a claim under the securities laws, by denying a motion to dismiss") (emphasis in original). Staying discovery pending judicial evaluation of the sufficiency of the complaint is consistent with "the entire purpose of the stay provision[, which] is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad discovery proceedings will produce facts that could be used to state a valid claim." Podany, 350 F.Supp.2d at 378. Consequently, those motions that require a court to determine the facial sufficiency of the pleadings fall within the ambit of the PSLRA's automatic stay provision, regardless of whether the complaint has been answered.

Here, defendants have filed a motion for judgment on the pleadings pursuant to Rule 12(c) *or* to dismiss the Complaint in its entirety under Rule 12(b)(6) for failure to state a claim. See generally 11/14/11 Def. Mem., DE #34-8. Rule 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Second Circuit has held that courts faced with Rule 12(c) motions for judgment on the pleadings must "employ[] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010) (citing Johnson

v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam)). Indeed, Rule 12(d) of the Federal Rules of Civil Procedure treats Rules 12(b)(6) and 12(c) identically in addressing the ramifications of considering "matters outside the pleadings" and the conversion of motions to dismiss into motions for summary judgment. See Fed. R. Civ. P. 12(d). Significantly, whether filed under Rule 12(b)(6) or Rule 12(c), a motion to dismiss asks the court to decide whether the complaint should be "authoritatively sustained"[3] based solely on the available pleadings, drawing inferences in the light most favorable to the non-moving party. See generally Hayden, 594 F.3d at 160. Accordingly, this Court agrees with defendants that a Rule 12(c) motion is a "motion to dismiss" within the meaning of the PSLRA automatic stay provision, and that therefore the stay is triggered by defendants' Rule 12(c) motion.

## II.     Application of the Automatic Stay to Plaintiffs' Claims

Having determined that the PSLRA automatic stay applies to defendants' dispositive motion, the next question is whether the stay should extend to all of plaintiffs' claims. As outlined above, plaintiffs advance three claims in their complaint: (1) a federal securities claim pursuant to Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder; (2) a Nevada state law claim for breach of fiduciary duties; and (3) a Nevada state law claim for negligent misrepresentation. See Compl. ¶¶ 36-51. Plaintiffs argue that the present case is "not a securities fraud action" as defined by the PSLRA, but rather is an action involving non-fraud state law claims and a Rule 14a-9 claim "based on negligent acts, not allegations of fraud." See Pl. Opp'n to Def. 11/14/11 Mot. to Stay (Dec. 9, 2011), at 2, DE #30. Defendants counter that plaintiffs' Rule 14a-9 claim and breach of fiduciary duties claim are couched in terms of fraud or

---

[3] In re Salomon, 373 F.Supp.2d at 256.

intentional misconduct, thereby falling within the scope of the automatic stay provision. See Def. Reply in Supp. of Mot. to Stay Disc. (Dec. 23, 2011), at 3, DE #35.

As detailed below, because the plain language of the PSLRA does not distinguish between fraud-based and non-fraud-based claims, the discovery stay in this case should cover all claims.

First, the PSLRA stay provision expressly applies to federal securities *actions* (not claims) arising under the Exchange Act. See 15 U.S.C. § 78u-4(b)(3)(B). Additionally, most courts in this Circuit have held that the automatic stay provisions of the PSLRA extend to state securities claims and non-securities claims brought in actions involving federal securities claims. See In re Smith Barney Transfer Agent Litig., No. 05 Civ. 7583(WHP), 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006) (holding that "[t]he PSLRA stay is not limited to discovery related to securities claims," but "applies to 'all discovery' in any 'action' under the PSLRA's purview, regardless of whether non-securities claims are alleged"); Riggs v. Termeer, No. 03 Civ. 4014 MP, 2003 WL 21345183, at *1 (S.D.N.Y. June 9, 2003) (holding that the automatic stay provisions of the PSLRA apply to related state law claims and to non-class-action securities claims where "the central claims asserted allege securities fraud and seek relief under the securities laws"); In re Trump Hotel S'holder Deriv. Litig., No 96CIV.7820 (DAB)(HBP), 1997 WL 442135, at *1-2 (S.D.N.Y. Aug. 5, 1997) (holding that the automatic stay provision extends to derivative actions and to state law claims filed in conjunction with federal securities claims).

To be sure, one case cited by plaintiffs has construed the statute to exclude breach of contract and tortious interference claims asserted pursuant to diversity jurisdiction. See Tobias

Holdings, Inc. v. Bank United Corp., 177 F.Supp.2d 162, 167-68 (S.D.N.Y. 2001).[4] Rejecting the reasoning of the Trump Hotel case, 1997 WL 442135, at *1-2, the court in Tobias found an ambiguity in the PSLRA because it is "not clear from the face of the statute whether Congress contemplated the situation where both federal question and diversity jurisdiction are invoked in a single action." Tobias, 177 F.Supp.2d at 165. Significantly, the Tobias court expressly noted that the claims for breach of contract and tortious interference (which the court referred to as "the non-fraud common law claims") "d[id] not mirror the federal securities claims . . . ." Id. at 168; see id. at 169. The court concluded that the PSLRA stay provision did not apply to those "distinct state law claims brought under diversity jurisdiction." Id. at 169. Notably, the plaintiff did not seek and the court did not order discovery on those claims that mirrored the federal securities claims -- in Tobias, plaintiff's common law fraud claim. See id. at 164, 167.

      This Court concludes that both the text of the PSLRA and common sense support staying discovery with respect to each of plaintiffs' three claims. First, consistent with the language of the discovery stay provision, plaintiffs' federal securities claim clearly "arises under" the Exchange Act of 1934. Contrary to plaintiffs' assumption, the statutory text does not draw a distinction between federal securities claims that are based on fraud and federal securities claims that are based on negligence. As such, the discovery stay applies, at the very least, to the federal securities claim.

---

[4] In another decision issued out of the Southern District of New York, the court held that the PSLRA's automatic stay was inapplicable to a derivative action that did *not* assert a federal securities violation; the court nevertheless exercised its discretion to stay discovery pending its decision on a motion to dismiss. In re Bancorp Deriv. Litig., 407 F.Supp.2d 585, 586-87 (S.D.N.Y. 2006). In contrast to Bancorp, the instant case does involve a federal securities claim.

Moreover, the discovery stay also applies to plaintiffs' state law diversity claims. Where, as here, a private action arises under the federal securities laws, the PSLRA plainly calls for a stay of "*all* discovery and other proceedings," see 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added), with no exception carved out for situations also involving non-fraud claims grounded in diversity jurisdiction.[5] Accordingly, this Court respectfully disagrees with the reasoning set forth in Tobias and, like the court in Trump Hotel, finds that the text of the PSLRA supports a stay of discovery as to each of plaintiffs' claims.

In any event, common sense supports a stay of all discovery in this case, even under the rationale of Tobias. Unlike the situation in Tobias, plaintiffs' federal and common law claims each derive from the same factual allegations: namely, that defendants Bendell and Major affirmatively misrepresented the value of Major's stock as a means of inducing plaintiffs to enter into an unfair buyout. To allow discovery on any one of plaintiffs' claims would open the door to otherwise currently undiscoverable information related to plaintiffs' federal securities law claim, and would undermine the purpose of the PSLRA's automatic stay provision. See Angell Invs., L.L.C. v. Purizer Corp., No. 01 C 6359, 2001 WL 1345996, at *1-2 (N.D. Ill. Oct. 31, 2001) (staying discovery on negligent misrepresentation claim, which was "related closely enough to the federal securities law claims" to involve the same discovery; distinguishing Tobias as involving state law claims that are "separate and distinct" from the federal securities claims). Therefore, all discovery in this case will be stayed pending a judicial determination of

---

[5] The PSLRA permits the Court to lift the automatic stay in the event it finds that "particularized discovery is necessary to preserve evidence or prevent undue prejudice to [a] party." 15 U.S.C. § 78u-4(b)(3)(B). Plaintiffs do not invoke that portion of the statutory provision, nor do they purport to make the requisite showing of need.

defendants' pending dispositive motion.

## CONCLUSION

For the reasons stated above, the Court grants defendants' motion to stay discovery pending the outcome of their motion for judgment on the pleadings. Having concluded that a discovery stay is warranted, the Court denies plaintiffs' motion to compel discovery.

Any objections to the recommendations contained in this Report and Recommendation must be filed with the Honorable Frederic Block on or before **April 30, 2012**. See Fed. R. Civ. P. 72. Failure to file objections in a timely manner may waive a right to appeal the District Court order.

The Clerk is directed to enter this Report and Recommendation into the ECF system.

SO ORDERED.

Dated:   Brooklyn, New York
         April 12, 2012

                                        ROANNE L. MANN
                                        UNITED STATES MAGISTRATE JUDGE