UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DORSEY R. GARDNER and JOHN FRANCIS O'BRIEN, as trustees of the DORSEY R. GARDNER 2002 TRUST,

    Plaintiffs,

-against-

THE MAJOR AUTOMOTIVE COMPANIES, INC. and BRUCE BENDELL,

    Defendants.

Civil Action No. 11-CV-1664(FB)(VMS)

ECF CASE

**DECLARATION OF CHRISTINE BERGIN**

---

I, Christine Bergin, of full age, do hereby declare under penalty of perjury as follows:

1. I am making this Declaration in opposition to Plaintiffs' Motion for Order to Show Cause Why the Court Should Not Find the Subpoenaed Parties in Contempt, and Order Compelling Complete Production of Responsive Documents and in support of Non-Parties City World Acquisition Group, Inc.'s and HB Automotive Group, Inc.'s Cross-Motion to Quash Subpoenas *Duces Tecum* and for Protective Order. I have personal knowledge of the facts stated herein.

2. I am a Controller for City World Acquisition Group, Inc. and HB Automotive Group, Inc. I have knowledge and am otherwise familiar with City World Acquisition Group, Inc.'s and HB Automotive Group, Inc.'s bookkeeping and recordkeeping systems and practices, which are substantially the same in that both companies employ essentially identical systems and practices for keeping and maintaining their books and records.

3. Based upon my knowledge and information, I do not believe that either City World Acquisition Group, Inc., or HB Automotive Group, Inc. would have any documents

responsive to document requests Nos. 1-3, 8, 12-13, 15 of Plaintiffs' subpoenas to produce documents.

4. With respect to the remaining documents requested in Plaintiffs' subpoenas to produce documents, these document requests are so overbroad that the compliance with them would impose an enormous burden – both in terms of time and costs – on City World Acquisition Group, Inc. and HB Automotive Group, Inc.

5. For instance, being in the business of selling, buying, and servicing cars, City World Acquisition Group, Inc., HB Automotive Group, Inc., and Major Automotive Companies have numerous transactions relating to the cars, auto parts, and alike being transferred between these companies, most of which would fall within the scope of Plaintiffs' broad document requests.

6. To review the companies' records to locate all documents responsive to Plaintiffs' document requests would be an extraordinary burden for City World Acquisition Group, Inc. and HB Automotive Group, Inc. Both companies maintain their financial records relating to their transactions mostly in a paper format, with the general ledger and various journal reports being generated electronically using the companies' accounting software.

7. In order to comply with Plaintiffs' document requests, both types of records would have to be searched since the general ledger and journal reports (including the accounts receivable and accounts payable reports) contain the information regarding which account a particular transaction was attributed to while the backup documentation (which is maintained solely in a paper format – e.g., copies of invoices, statements, check stubs, etc.) would provide the details about each transaction.

8. However, even the general ledger and journal reports that were generated by the Companies' accounting software are not accessible electronically for the entire time period stated in the Plaintiffs' subpoenas because, prior to 2009, both companies used a different accounting program, which they no longer have in their possession.

9. In other words, all accounting reports – i.e., City World Acquisition Group, Inc.'s and HB Automotive Group, Inc.'s general ledger and journal reports – for the years prior to 2009 are available exclusively in a paper format (i.e., in a form of bound books). Each month both companies generate the general ledger and other journal reports which are then maintained in a paper format – i.e., as a separately bound book for each month per company – which amounts to approximately twelve (12) books or 4-5 drawers for each year per company.

10. All backup documentation containing the details for each transaction is maintained only in a paper format and could easily amount to many dozens, if not more, of boxes of documents which all would have to be searched in order to locate the documents responsive to Plaintiffs' document requests.

11. This would impose a truly undue burden on City World Acquisition Group, Inc. and HB Automotive Group, Inc. as neither company has sufficient staff to accomplish this task. Based on my estimate, the compliance with Plaintiffs' requests would require that I devote 100% of my time and attention exclusively to this task for several weeks or more. In addition, at least two temporary staff would have to be hired to assist me in reviewing City World Acquisition Group, Inc.'s and HB Automotive Group, Inc.'s records in order to locate all documents responsive to Plaintiffs' document requests. Finally, a copier capable of handing such a high

volume of documents would have to be rented for the duration of this project in order to make copies of all documents requested in Plaintiffs' subpoenas to produce documents.

12. Attached as **Exhibit A** to this Declaration is a true copy of the Assumed Name Certificate filing receipt for Bronx Automotive Group, Inc.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
May 31, 2013

By: _____
Christine Bergin

# EXHIBIT A

```
N. Y. S. DEPARTMENT OF STATE
DIVISION OF CORPORATIONS                      ALBANY, NY  12231-0001

                          FILING  RECEIPT
================================================================================
ENTITY NAME : BRONX AUTOMOTIVE GROUP, INC.


DOCUMENT TYPE : ASSUMED NAME CERTIFICATE


SERVICE COMPANY  : CSC NETWORKS/PRENTICE HALL              CODE: 45

================================================================================
FILED: 01/22/2001          CASH#: 955847           FILM#: C298062-2

PRINCIPAL LOCATION
------------------

3333 BOSTON POST ROAD

BRONX
NY     10469
```



```
COMMENT:


ASSUMED NAME
------------
TOYOTA OF THE BRONX

================================================================================
   FILER                             * FEES   :  160.00  PAYMENTS:  160.00
   -----                             * ----            ---------
                                     * FILING :   25.00  CASH    :
                                     * COUNTY :  100.00  CHECK   :00160.00
                                     * COPIES :   10.00  C CARD  :
   EMER M. CONROY, ESQ., GREENBAUM, RO * MISC  :
   SMITH, RAVIN, ETAL                * HANDLE :   25.00
   PO BOX 5600                       *                   REFUND:
   WOODBRIDGE             NJ  07095  *                   ------
================================================================================
   969177DAV               DO3HD104                      DOS-281 (8/98)
```