UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DORSEY R. GARDNER and JOHN
FRANCIS O'BRIEN, as trustees of the
DORSEY R. GARDNER 2002 TRUST,

               Plaintiffs,

-against-

THE MAJOR AUTOMOTIVE
COMPANIES, INC., and BRUCE
BENDELL,

               Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 11-CV-1664 (FB)

*Appearances:*

For the Plaintiff:
LARRY L. VARN, ESQ.
MARK B. ROSEN, ESQ.
Pierce Atwood LLP
100 Summer Street, Suite 2250
Boston, Massachusetts 02110

*For the Defendant*:
ROBERT F. BRODEGAARD, ESQ.
Brodegaard & Associates LLC
110 E 59th Street, 23rd Floor
New York, New York 10022

**BLOCK, Senior District Judge:**

      Defendants, The Major Automotive Companies, Inc. ("Major"), and Bruce Bendell ("Bendell"), seek reconsideration of that portion of the Court's prior order denying their motion for judgment on the pleadings on plaintiffs' claim for breach of fiduciary duty under Nevada law, *see Gardner v. Major Automotive Cos.*, 2012 WL 3614353, *5 (E.D.N.Y. Aug. 21, 2012), on the ground that the Court overlooked or misapprehended the effect of Nevada's dissenters' rights statute, Nev. Rev. Stat. § 92A.380(1), on the claim. In the alternative, they ask the Court to certify the following question to the Second Circuit pursuant to 28 U.S.C. § 1292(b):

> Is a shareholder—who, at the time of the transaction in question, had full knowledge of or had reason to know of the allegedly wrongful conduct and who failed to properly and/or timely act upon such knowledge—precluded from invoking the "fraud" exception to the exclusivity provision of the Nevada dissenters' rights statute which is intended to protect the shareholders who lacked any notice of any wrongdoing when they acted upon the transaction?[1]

The Court clearly did not overlook the effect of the statute on a claim for breach of fiduciary duty:

> Under the statute, minority shareholders were entitled to dissent from the transaction and initiate an appraisal proceeding to determine fair value of their shares. *See* Nev. Rev. Stat. § 92A.380(1). The trust did not exercise its appraisal rights and therefore cannot challenge the transaction unless it was "unlawful or fraudulent." Nev. Rev. Stat. § 92A.380(2)[.]

*Gardner*, 2012 WL 3614353 at *4. Nor did the Court misapprehend the law, which is conveniently set forth in *Cohen v. Mirage Resorts, Inc.*, 62 P.3d 720 (Nev. 2003). Under *Cohen*, "[a] dissenting shareholder who wishes to . . . seek monetary damages based upon improper actions during the merger process must allege wrongful conduct that goes to the approval of the merger." *Id.* at 728. Although the statute speaks of "fraudulent" conduct, *Cohen* makes clear that the term "has not been limited to the elements of common-law fraud," and "encompasses a variety of acts involving breach of fiduciary duties imposed upon corporate officers, directors, or majority shareholders." *Id.* at 729. Applying this law,

---

[1] The Court granted defendants' motion for judgment on the pleadings on plaintiffs' claim under under § 14(a) of the Exchange Act, 14 U.S.C. § 78n(a). *See Gardner*, 2012 WL 3614353 at *5. That ruling is not at issue.

the Court held that plaintiffs had a viable claim for breach of fiduciary duty notwithstanding the dissenters' rights statute. *See Gardner*, 2012 WL 3614353, at *4.

Defendants argue that the Court overlooked the doctrine of acquiescence, which bars an action challenging a merger by "shareholders who are fully aware of a breach of duty that affects the merger's validity." *Cohen*, 62 P.3d at 730. If the Court did not address the doctrine, it is because defendants did not raise it. Since acquiescence is an affirmative defense, *see id.* at 731, their omission can be deemed a waiver. *See National Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001).

In any event, acquiescence does not entitle defendants to judgment on the pleadings. To successfully invoke the doctrine, a defendant must prove that the dissenting shareholder had "full knowledge of the wrongful acts." *Cohen*, 62 F.3d at 731. "Shareholders who possess only some knowledge of wrongdoing before approving the merger or tendering their shares are not barred by the doctrine of acquiescence." *Id.* Defendants contend that plaintiffs must have been aware that Bendell held a majority position in Major and that the "Fairness Opinion" supporting the merger was based on arguably outdated financial data because both facts were disclosed in the proxy statement to shareholders. But plaintiffs also allege that Bendell "dominated" Major's board of directors, which recommended approving the merger. This fact was, as noted in the Court's prior opinion, not disclosed to shareholders. *See Gardner*, 2012 WL 3614353 at *1.[2] Because the pleadings do not reflect that plaintiffs were aware of *all* of the allegedly

---

[2]Indeed, plaintiffs apparently learned of the composition of Major's board only as a result of discovery.

3

wrongful acts supporting their claim, they do not entitle defendants to judgment in their favor.

With respect to defendants' request for certification to the Second Circuit, § 1292(b) requires the district court to determine, *inter alia*, that its ruling "involves a controlling question of law as to which there is substantial ground for difference of opinion." Yet the question posed by defendants is clearly answered in *Cohen*: No, a shareholder with full knowledge of the allegedly wrongful conduct leading to a merger cannot invoke the "unlawful or fraudulent" exception to the dissenters' rights statute. *See* 62 P.3d at 730. The Court's conclusion that plaintiffs did not have full knowledge does not in any way conflict with that answer. Thus, there is no disputed question of law warranting certification.

For the foregoing reasons, defendants' motion is denied.

**SO ORDERED.**

                                          /S/ Frederic Block
                                          FREDERIC BLOCK
                                          Senior United States District Judge

Brooklyn, New York
June 26, 2013