UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
DORSEY R. GARDNER and JOHN
FRANCIS O'BRIEN, as trustees of the
DORSEY R. GARDNER 2002 TRUST,

               Plaintiffs,

  -against-                        **MEMORANDUM AND ORDER**
                                     No. 11-CV-1664 (FB) (VMS)
THE MAJOR AUTOMOTIVE
COMPANIES, INC., BRUCE
BENDELL, HAROLD BENDELL,
ERIC L. KELTZ, STEVEN
HORNSTOCK, JEFFREY M.
WEINER, ALAN PEARSON, and
DAVID EDELSTEIN,

               Defendants.
------------------------------------------------x

*Appearances*
*For the Plaintiffs:*
LARRY L. VARN, ESQ.
MARK B. ROSEN, ESQ.
Pierce Atwood LLP
100 Summer Street, Suite 2250
Boston, Massachusetts 02110

*For Defendants Hornstock, Weiner, Pearson and Edelstein:*
STEVEN J. HARFENIST, ESQ.
ANDREW LANG, ESQ.
Friedman Harfenist Kraut & Perlstein, LLP
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042

*For Defendant Harold Bendell:*
FRANK R. SCHIRRIPA, ESQ.
Hach Rose Schirripa & Cheverie, LLP
185 Madison Avenue, 14th Floor
New York, New York 10016

**BLOCK, Senior District Judge:**

In a prior memorandum and order, the Court held that plaintiffs stated viable claims for breach of fiduciary duty against Bruce Bendell, the controlling shareholder of The Major Automotive Companies, Inc. ("Major"). *See Gardner v. Major Auto. Cos.*, 2012 WL 3614353 (E.D.N.Y. Aug. 21, 2012), *reh'g denied*, 2013 WL 3244822 (E.D.N.Y. June 29, 2013). Plaintiffs, the trustees of one of Major's former minority stockholders, then sought and obtained leave to amend their complaint to make the same claims against four members of Major's board of directors (Steven Hornstock, Jeffrey M. Weiner, Alan Pearson and David Edelstein) and two of its officers (Harold Bendell and Eric L. Keltz).

Hornstock, Weiner, Peason and Edelstein (collectively, "the Director Defendants") move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as does Harold Bendell. For the following reasons, both motions are denied.

# I

In the prior memorandum and order, the Court assessed the breach of fiduciary duty claims under Nevada law. *See Gardner*, 2012 WL 3614353, at *3 ("Under New York's choice-of-law rules, the law of Nevada—Major's state of incorporation—governs the claim."). The Director Defendants argue that New York law should govern.

The Court's choice-of-law analysis was a straightforward application of the "internal affairs doctrine," which recognizes that "only one State should have the authority to regulate a corporation's internal affairs—matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders—because otherwise a corporation could be faced with conflicting demands." *Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982); *see also Hart v. General Motors Corp.*, 517 N.Y.S.2d 490, 493 (1987) (citing and following *Edgar*). Although the New York Court of Appeals has "reject[ed] any automatic application" of the doctrine, *Greenspun v. Lindley*, 36 N.Y.2d 473, 478 (1975), every exception must come at the expense of the uniformity and predictability the doctrine was designed to promote.

The Restatement—cited favorably by the Second Circuit in *Norlin Corp. v. Rooney, Pace Inc.*, 744 F.2d 255, 263 (2d Cir. 1984)—sensibly opines that "[t]he local law of some state other than the state of incorporation is most likely to be applied . . . where the corporation does all, or nearly all, of its business and has most of its shareholders in this other state and has little contact, apart from the fact of its incorporation, with the state of incorporation." Restatement (Second) of Conflict of Laws § 309 cmt. c (1971). While Major is apparently headquartered and has its principal place of business in New York, the shareholder meeting on the challenged buy-back took place in Nevada and the proxy materials stated that the

transaction would be governed by Nevada law.  Since Nevada was more than the fortuitous site of Major's incorporation, the Court reaffirms its conclusion that the internal-affairs doctrine applies.

The Director Defendants next argue that they are shielded by the "business judgment rule," which indulges a "presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Shoen v. SAC Holding Company*, 137 P.3d 1171, 1178-79 (Nev. 2006).  That presumption does not apply, however, when "[a] controlling or dominating shareholder stand[s] on both sides of a transaction." *Kahn v. Lynch Commc'ns Sys., Inc.*, 638 A.2d 1110, 1115 (Del. 1994).  In such cases, the controlling shareholder "bears the burden of proving [the transaction's] entire fairness." *Id.*  "The premise of the entire fairness test is that the business judgment rule is inapplicable where self-interest may have colored directors' actions." *Thorpe v. CERBCO, Inc.*, 676 A.2d 436, 443 n.9 (Del. 1996).[1]

---

[1] As noted in the prior memorandum and order, "Nevada courts frequently look to Delaware on open questions of corporate law." *Gardner*, 2012 WL 3614353, at *3 n.3 (citing *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1245 (D. Nev. 2008)).  And although the Court is satisfied that Nevada—and by extension, Delaware—law governs, it bears noting that New York law is identical on this point.  *See Alpert v. 27 Williams St. Corp.*, 63 N.Y.2d 557, 570 (1984) ("Generally, the plaintiff has the burden of proving that the merger violated the duty of fairness, but when there is an inherent conflict of interest, the burden

4

As the Director Defendants correctly note, only Bruce Bendell was operating under a conflict of interest. However, the Delaware Court of Chancery has squarely rejected the argument that that circumstance resurrects the business judgment rule:

> The defendants are correct that the complaint does not adequately allege either self-interest or a lack of independence on the part of a majority of the LNR directors. Nevertheless . . . the business judgment rule does not protect the board's decision to approve a merger (even where a majority of the directors are independent and disinterested) where a controlling shareholder has a conflicting self-interest.

*In re LNR Prop. Corp. Shareholders Litig.*, 896 A.2d 169, 177 (Del. Ch. 2005).

Finally, the Director Defendants argue that if the Court does not dismiss the claims against them, it should at least fix the proper measure of damages and strike plaintiffs' demand for attorney's fees. The Court agrees with the plaintiffs that it is premature to do anything more at this juncture than to say that they have stated claims for breach of fiduciary duty against the Director Defendants.

---

shifts to the interested directors or shareholders to prove good faith and the entire fairness of the merger.").

5

## II

The complaint alleges that Harold Bendell is an officer of Major, namely its director of operations. It further alleges that he participated in a scheme to undervalue Major by transferring expenses of businesses he owned to Major's books, resulting in the allegedly unfair price offered for the buy-back.

Harold Bendell argues that the allegations against him are not sufficient to satisfy Federal Rule of Civil Procedure 9(b)'s requirement that claims of fraud by pleaded with particularity. Although the complaint does use terms often associated with fraud—describing the proxy materials, for example, as "materially misleading," Am. Compl. ¶ 9—the actual claim is that the defendants breached their fiduciary duty to Major's minority stockholders. Cf. Gardner, 2013 WL 3244822, at *1 ("Although the statute speaks of 'fraudulent' conduct, *Cohen* [*v. Mirage Resorts, Inc.*, 62 P.3d 720, 729 (Nev. 2003)] makes clear that the term 'has not been limited to the elements of common-law fraud,' and 'encompasses a variety of acts involving breach of fiduciary duties imposed upon corporate officers, directors, or majority shareholders.'"). Fiduciary-duty claims not sounding in fraud are not subject to Rule 9(b)'s heightened pleading standard. *See, e.g., In re Luxottica Group S.p.A., Sec. Litig.*, 293 F. Supp. 2d 224, 238 (E.D.N.Y. 2003).

Harold Bendell further argues that the complaint does not adequately allege that he owes fiduciary duties to Major's shareholders. The Nevada Supreme Court has held that minority shareholders "may also allege that the merger was accomplished through the wrongful conduct of majority shareholders, directors, *or officers* of the corporation and attempt to hold those individuals liable for monetary damages under theories of breach of fiduciary duty or loyalty." *Cohen*, 62 P.2d at 727. Though the allegations against Harold Bendell are not extensive, they do at least include his status as an officer and specific wrongful conduct. His contention that he played no role in Major's management must await the summary-judgment stage.

Finally, Harold Bendell argues that the complaint fails to plausibly allege causation. There is some merit to this argument because the complaint plainly places the lion's share of blame on Bruce Bendell, Major's controlling shareholder (and Harold's brother). Since Bruce Bendell's majority share was sufficient to guarantee approval of the buy-back, there is an argument to be made that he was the sole cause of the allegedly unfair price offered. Nevertheless, the complaint alleges that Harold participated in the scheme to undervalue Major and that is a viable aiding-and-abetting theory under Nevada Law:

> Although we have not previously recognized a claim for aiding and abetting the breach of a fiduciary duty, we take this opportunity to do so. We adopt the standard applied by Delaware courts, which requires

7

that four elements be shown: (1) a fiduciary relationship exists, (2) the fiduciary breached the fiduciary relationship, (3) the third party knowingly participated in the breach, and (4) the breach of the fiduciary relationship resulted in damages.

*In re Amerco Derivative Litig.*, 252 P.3d 681, 701-02 (Nev. 2011) (citing *Malpiede v. Townson*, 780 A.2d 1075, 1096 (Del. 2001)).[2]

### III

For the foregoing reasons, the motions to dismiss are denied.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 18, 2014

---

[2]The Court notes that this theory of liability would apply even if Harold Bendell did not himself owe fiduciary duties to Major's shareholders.